**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 19, 2017
Decided January 31, 2017

**Before**

JOEL M FLAUM *Circuit Judge*

DANIEL A MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS *Circuit Judge*

No. 16-1210

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of |
| | Illinois. |
| *v.* | |
| | No. 14-CR-30108 |
| REYMUNDO MOLINA-TRUJILLO, | |
| *Defendant-Appellant.* | Nancy J. Rosenstengel, |
| | *Judge.* |

**O R D E R**

Defendant Reymundo Molina-Trujillo pleaded guilty to possession with intent to distribute, and conspiracy to distribute, 500 grams or more of a substance containing methamphetamine in violation of 21 U.S.C. § 846. The district court sentenced him to 324 months' imprisonment, which was on the low end of his Guidelines range of 324–405 months. He failed to raise any challenges to the district court's factual findings or calculation of the Guidelines range. Now he challenges his sentence on three grounds, all of which are expressly foreclosed by existing precedent.

Defendant argues that the applicable statutory mandatory minimum sentence offends the separation of powers, that the use of relevant uncharged conduct to enhance his sentence violates the Fifth and Sixth Amendments, and that his 27-year sentence violates the Eighth Amendment. However, defendant acknowledged at oral argument that all of his arguments are foreclosed by Supreme Court and Seventh Circuit precedent and that he simply wished to preserve them for Supreme Court review. Indeed, we confronted and rejected identical arguments just this month in *United States v. Syms*, No. 15-3067, _ F.3d. _, 2017 WL 163686 (7th Cir. Jan. 17, 2017). We called the separation-of-powers argument an "invitation to upend well-settled precedent," *id.* at *2, found that the failure to challenge the facts found in a presentence report amounted to waiver of any relevant-conduct argument, *id.* at *3, and noted that the Eighth Amendment permits life imprisonment for a single drug crime, *id.* at *5. Moreover, even if defendant had not waived his challenge to the relevant conduct, the Supreme Court has rejected his constitutional argument. *United States v. O'Brien*, 560 U.S. 218, 224 (2010).

Because defendant has presented no arguments that have not been squarely rejected by this court or the Supreme Court, we will not disturb the sentence.

AFFIRMED.